Personnel Commission
No. 7437

RICHARD E. PEARL

v.

PERSONNEL COMMISSION OF
THE STATE OF NEW HAMPSHIRE

January 31, 1977

*David H. Souter,* attorney general, *Richard V. Wiebusch,* assistant attorney general, and *David W. Marshall,* attorney (*Mr. Marshall* orally) for the defendant.

*Maynard, Dunn & Phillips,* of Concord, *Roger B. Phillips* and *Russell F. Hilliard* (*Mr. Hilliard* orally) for the plaintiff.

PER CURIAM. This is an appeal from the personnel commission's decision upholding plaintiff's dismissal from the department of safety for failing to complete the training required by the New Hampshire Police Standards and Training Council under the authority of RSA 105-A:5 (Supp. 1975). We affirm the decision of the commission.

From 1956 until late in 1969 plaintiff was in the state classified service as a laborer in the highway department. In 1969 he became a safety inspector in the division of motor vehicles and in 1972 was promoted to safety inspector I. On August 14, 1973, the commissioner of the department of safety pursuant to RSA 106-A:1-b II requested the Governor and Council to transfer 22 permanent classified employees from the motor vehicle inspection section of the division of motor vehicles to the division of state police. Such transfer was accomplished on September 28, 1973. Plaintiff was one of the 22 classified employees so transferred and his title thereafter became known as "Trooper Safety Investigator." Plaintiff does not challenge the right of the commissioner and Governor and Council to make the transfer.

Plaintiff was told by Commissioner Flynn that he could be given a position in the division of motor vehicles or safety services if he did not wish to go into the division of state police. None of the 22 affected employees refused the transfer or appealed and all received higher pay. On September 28, 1973, plaintiff was sworn in as a trooper investigator with "general police powers to enforce all criminal laws of the State, serve criminal process and make arrests in all counties."

Nine months later the plaintiff was ordered to complete the six-week training course conducted by the police standards and training council under the authority of RSA 105-A:5 (Supp. 1975). Plaintiff started the course on July 8, 1974, but withdrew on July 27 due to an injury. Plaintiff then began the course anew on January 26, 1975, but failed to graduate. All other transferees successfully completed the course. On February 24, 1975, plaintiff was notified that because he had failed to successfully complete the police training academy course he was to be discharged effective March 13.

Plaintiff seasonably requested a hearing before the personnel commission on the grounds that the transfer of personnel from

the motor vehicle division to the state police division resulted in the elimination of his prior classified position and that the transfer required the plaintiff to take an examination to remain in his new position, a result supposedly prohibited by RSA 106-A:1-b II. Plaintiff further argued that he did not have to complete training at the New Hampshire Police Training Academy because he was exempt under RSA 105-A:5 IV (Supp. 1975).

Following a hearing, the personnel commission on January 6, 1976, advised the plaintiff that his appeal was denied because, "The Commission finds that when Mr. Pearl was transferred from the position of Safety Inspector to a member of the State Police he thereupon became subjected to the provisions of RSA 105-A and was therefore required to complete the necessary education and training as set forth under RSA 105-A." Following the denial of his rehearing request, plaintiff appealed to this court pursuant to RSA 541:6.

Plaintiff first argues that as a trooper safety investigator he was not a police officer within the meaning of RSA 105-A:2 I (Supp. 1975). That section defines a police officer as an employee of a state or local department "who is responsible for the prevention and detection of crime and the enforcement of the penal, traffic, or highway laws of this state . . . ." Plaintiff's earlier position as safety inspector I with the division of motor vehicles was not the equivalent of a police officer within the meaning of RSA 105-A:2 I (Supp. 1975). Such safety inspectors had rather limited police powers. See RSA 106-A:4-a (Supp. 1975).

The crux of plaintiff's argument is that his transfer from the position of safety inspector to the position of trooper safety investigator in the division of state police did not materially increase his police powers so as to make him a "police officer."

The position of trooper safety investigator, however, encompassed a substantially increased job content with broader police powers. The job specification sheet for a trooper safety investigator, although borrowing in many particulars from the specification applicable to a safety inspector I, differs substantially in that it begins with a specific reference to "law enforcement work," in contrast to the prior specification which begins with reference to "instruction and safety work." Specification sheets, however, do not operate as limits upon the duties of any classified position. See Rule III, Section 2, Rules of the Department of Personnel. Thus, the testimony and evidence presented to the personnel com-

mission with respect to the actual duties performed by persons in a position are significant, and cannot be ignored.

The evidence presented below reinforced and emphasized the increase in responsibility and discretion, and the acquisition of full law enforcement powers, which were effected by the transfer and reallocation of September 28, 1973. In fact, the need for this expanded authority was the precise reason that the new position of trooper safety investigator was created. As the commissioner of safety stated in his request to the Governor and Council for approval of the transfer: "Transfer of these men into the State Police would confer on them a much needed additional police authority to enforce criminal statutes as well as motor vehicle laws." This point was also made in the certificate of appointment quoted above.

■ The record supports the finding of the personnel commission that plaintiff's transfer subjected him to the requirements of RSA ch. 105-A (Supp. 1975). Section 5 I of that chapter sets forth educational requirements, and the police standards and training council by regulation effective August 1, 1973, only allows six months to elapse before a new officer must complete police training school unless extensions are granted. NHPSTC Reg. No. 1. Plaintiff's time had run out. The burden of proof upon plaintiff under RSA 541:13 has not been met. *Peabody v. State Personnel Comm'n,* 109 N.H. 152, 245 A.2d 77 (1968).

■ Because plaintiff's earlier position involved different duties, he was not a police officer until September 1973 and the regulation referred to was in effect and applicable to his case. Thus neither of the "grandfather clauses" is of any aid to plaintiff. RSA 105-A:5 I, IV (Supp. 1975).

■ The transfer of positions was accomplished pursuant to RSA 106-A:1-b II which does not permit the elimination of the "position transferred." Plaintiff's assertion that his old position was abolished is not borne out by the record. Section 1-b II also had a "grandfather clause" providing that as of the effective date of the act creating the department of safety (July 1, 1961) any classified employee in state service would not "be required to take an examination to remain in his position." As plaintiff was in a different department until 1969, he was not "old" enough to be so "grandfathered." Therefore the examinations and performance at

the police academy were legitimate requirements for his continued retention in state classified service.

 The final argument asserted by plaintiff is that no formal approval by the personnel commission appears in the record despite the requirement of such approval by RSA 106-A:1-b II. However, the job specification for "Trooper Safety Investigator" as established on the day plaintiff accepted his new position is the standard form issued by the personnel department pursuant to the classification duties imposed on the department and its director by RSA 98:13 XIII and the department's rule III. All of these activities and duties are carried out under the authority of the personnel commission, RSA 98:8 III, IV, and must be presumed to be approved, absent any proof by plaintiff to the contrary.

*Appeal dismissed.*